## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| TEANECK TAXI, et al, | |
| Plaintiff, | Civil Action No. |
| v. | 2:14-cv-05758(SDW-SCM) |
| AURA TRANPORTATION INC, et al., | **ON PLAINTIFF'S MOTION TO REMAND [D.E. 4]** |
| Defendants. | |

### REPORT AND RECOMMENDATION

STEVEN C. MANNION, UNITED STATES MAGISTRATE JUDGE

I.   **INTRODUCTION**

Before the Court is plaintiffs Teaneck Taxi and Limousine Service Inc. and Kismet International Inc.[1] ("Plaintiffs'") Motion to Remand this case to the Superior Court of New Jersey, Chancery Division, Bergen County.  (ECF Docket Entry No. ("D.E.") 4).   Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Susan D. Wigenton, United States District Judge, has referred the instant motion to the undersigned for report and recommendation.  Having considered the parties' respective submissions without oral arguments pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth herein, it is

---

[1] D/B/A Teaneck Taxi Service.

1

respectfully recommended that Plaintiffs' Motion to Remand be **granted.**

II.  **BACKGROUND**

On August 5, 2014, Plaintiffs filed a thirty-one count verified Complaint in the Superior Court of New Jersey, Chancery Division against defendants Aura Transportation, Inc., Mehmet E. Tataroglu, Dursun Kurban, NJ Royal Car & Limo Service LLC, Mr. Taxi LLC, Tati LLC, Tataroglu International LLC, and Adam Massa (collectively "Defendants"); all of whom are New Jersey residents. (D.E. 1-1, Pl.'s Compl.). Plaintiffs sought injunctive relief and asserted common law trade name infringement, dilution, deception, interference with business relations, and unfair competition by Defendants. *Id.* at ¶¶55-228.

Plaintiffs' allege they have owned and operated a limousine and taxi service in Teaneck, New Jersey and the surrounding area since July 1998. (D.E. 1-1 Pl.'s Compl. ¶18). During the course of their business, Plaintiffs used the trademark and trade name "TEANECK TAXI" since July 27, 1998, which has been registered with Bergen County since July 15, 1998 and September 18, 2003. *Id.* Plaintiff also used the trademark and trade name "TEANECK LIMO" since March 1, 1997, which has been registered with the

United States Patent and Trademark Office ("USPTO") since October 15, 2013. *Id.* at ¶¶ 19-20. Additionally, Plaintiffs have used the name "TEANECK CAB" since December 20, 2002. *Id.* at ¶ 21. As a basis for its' Complaint, Plaintiffs further allege that irrespective of Plaintiffs' use and registration of the aforementioned trademarks and trade names, defendants, some of whom are former employees of Plaintiffs, opened taxi and limousine services and established websites under various names, including www.teanecktaxis.com and www.teanecklimo.com. *Id.* at ¶¶ 28-54.

On September 15, 2014, Tataroglu International LLC ("Defendant") removed this action on the basis of federal question asserting this action originated from Plaintiffs' trade name filing with the USPTO. (D.E. 1, Notice of Removal, ¶¶ 4-5). The Notice of Removal was silent as to whether all defendants consented to the removal of the action to the District Court.

On October 8, 2014, Plaintiffs moved to remand this action to Superior Court of New Jersey, Chancery Division, arguing that the district court lacks subject matter jurisdiction. (D.E. 4-3, Pl's Mot. To Remand). On October 16, 2014, Defendant opposed Plaintiffs' motion. (D.E. 6). On October 24, 2014, Plaintiffs replied to Defendant's opposition. (D.E. 7).

III.   **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a); *see also Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 152, 95 L. Ed 2d 55 (1987). Since federal courts are of limited jurisdiction, actions can only be removed to federal court pursuant to § 1441(a) if: the action arises under the Constitution, laws or treaties of the United States, providing a federal question; or if the matter in controversy exceeds $75,000 and consists of a dispute between citizens of different states, providing diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332.

On a motion to remand, the party asserting jurisdiction (the removing party) bears the burden of establishing that the action is properly before the court. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Moreover, removal statutes should be construed strictly against removal, with all doubts resolved in favor of remand. *Id.*; *see also Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

4

IV. __ANALYSIS__

Plaintiffs assert remand is proper because absent any federal claims alleged in its' complaint and absent diversity of citizenship between the parties in this action, this Court lacks subject matter jurisdiction. (D.E. 4-4, Pl.'s Br. at 7). Plaintiffs also assert remand is appropriate because Defendant's removal was procedurally deficient in that not all defendants joined in the removal. *Id.* at 4. Lastly, Plaintiffs request attorneys' fees for Defendant's improper removal. *Id.* at 11-12. Defendant opposes by asserting the existence of Plaintiffs' federally registered trademarks establishes a federal question because resolution of this matter will require exploring the validity of the aforementioned trademark through counterclaims and defenses. (D.E. 6, Def.'s Opp'n Br. at 1).

This Court finds that the federal trademark registration alone does not establish a claim arising under federal question where Plaintiffs specifically pled common law causes of action and are not seeking relief under the Lanham Act, 15 U.S.C. 1051 *et seq*. Unless a trademark claim arising under the Lanham Act is present on the face of the complaint and absent diversity of citizenship between the parties, a district court does not have original subject matter jurisdiction over a matter. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed.

5

318 (1987). Thus, because the plaintiff is the "master of the claim" the "well-pleaded complaint" rule permits the plaintiff to avoid federal jurisdiction by exclusive reliance on state law." *Id.*  However, an exception to the well-pleaded complaint rule applies: "(1) when it appears that some substantial, disputed question of Federal law is a necessary element of one of the well pleaded state claims or (2) when it appears that plaintiff's claim is 'really' one of Federal law. This narrow corollary to the well-pleaded complaint rule is termed the complete preemption doctrine." *Gateway 2000 v. Cyrix Corp.*, 942 F. Supp. 985, 990 (D.N.J. 1996)(internal citations omitted).

In *Gateway 2000 v. Cyrix Corp.*, the Court held that the federal registration of a mark does not automatically convert any claim brought in relation to that mark into a federal claim. 942 F. Supp. at 993.  That plaintiff filed a motion to remand subsequent to the defendant's removal of plaintiff's action for violations of state statutory and common law claims including tortious interference with contractual relations, tortious interference with prospective economic advantage, trademark dilution, trademark infringement and unfair competition.  *Id.* at 989.  The defendant argued that where the complaint alleges no federal claims, the presence of a federally registered trademark defeats a state law claim allowing for removal of the case based

6

on federal question jurisdiction. *Id.* at 988.   The Court stated
that:

> According to the [defendant's] argument, any
> trademark that is federally registered or used
> in interstate commerce would defeat a state law
> claim and require removal to the Federal Court.
> Indeed, adoption of [defendant's] argument would
> greatly frustrate the ability of state courts to
> address acts such as those allegedly committed
> by [defendant].
>
> *Id.* at 992.

Similarly here, Plaintiffs also did not allege any federal
claims in their Complaint. (D.E. 1-1, Pl.'s Compl.).
Defendant's removal of this matter was based on a federal
question established by Plaintiffs' federally registered trade
name, "TEANECK LIMO," being the impetus of Plaintiffs' complaint
and being inadvertently intertwined with Plaintiffs' claim for
trademark infringement, which deprived Plaintiffs of choosing
between federal and state claims when filing a cause of action
involving any federally registered trade name. *See Caterpillar,
Inc.*, 482 U.S. at 399 (D.E. 6, Def.'s Opp'n).   At the
commencement of its action, Plaintiff was entitled to choose
whether their trademark claims were violations under state
common law trademark infringement, state unfair competition law,
and/or federal trademark infringement law; Plaintiff chose to
seek relief under common law trade name infringement and state

unfair competition laws. (D.E. 1-1, Compl. at ¶¶ 55-228); *See also La Chemiste LaCoste v. Alligator Co.*, 506 F.2d 339, 345-46 (3rd Cir. 1974). Therefore, although Plaintiffs reference its federal trade name "TEANECK LIMO" in its complaint, in addition to its non-federally registered trade names, Plaintiff chose to assert state and common law causes of action for all trade names.

Next, the Court finds subject matter jurisdiction cannot be established through Defendant's challenge to the validity of Plaintiffs' USPTO registrations as a defense to Plaintiffs' various infringement claims. A case cannot be removed to Federal Court on the basis of a federal defense unless the plaintiff's complaint establishes that the case arises under a federal law. *See Weinberg v. Sprint Corp.*, 165 F.R.D. 431, 436 (D.N.J. 1996); *Trent Realty Assoc. v. First Fed. Sav. & Loan Ass'n.*, 657 F.2d 29, 34-35 (3d Cir. 1981); *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986). "It is the plaintiff who has the choice of claiming on state law only, or on state and federal law. The defendant cannot make that choice for him by seeking to draw an inference or implication of a federal claim in the removal petition." *67 Goffle Rd., Inc. v. Playboy Hotel Casino*, 527 F. Supp. 566, 568-69 (D.N.J. 1981). Here, Plaintiffs chose to bring

8

common law trademark infringement claims of a federally registered trademark, thus, anticipating a federal defense in response to Plaintiffs' common law claims is not enough to warrant federal subject matter jurisdiction.

The Court further finds Defendant's Notice of Removal was deficient and did not establish whether all defendants consented to the removal. 28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action," which the Third Circuit refers to as the "unanimity rule." *Lewis v. Rego*, 757 F.2d 66, 68 (3d Cir. 1985); *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995). The rule of unanimity may be disregarded when (1) a non-joining defendant is unknown or is a nominal party; (2) where a defendant has been fraudulently joined; or (3) where a non-resident defendant has not been served at the time the notice of removal is filed. *Balazik*, 44 F.3d at 213 n.4.

In this case, the removing Defendant, Tataroglu International LLC's Removal Notice was silent as to the consent of the other Defendants in the action. (D.E. 1, Notice of Removal). Moreover, in their opposition to Plaintiffs' Motion for Remand, the Defendant failed to address the issue of

consent. (D.E. 6 Def.'s Opp'n Br.). None of the parties' submissions on their face support or assert any of the exceptions to the unanimity rule. Thus, the removing Defendant's failure to obtain the consent of non-removing Defendants is a procedural defect in the removal petition.

Lastly, the Court recommends Plaintiff's request for attorneys' fees be denied. Pursuant to 28 U.S.C. § 1447, a district court has broad discretion in determining whether awarding attorneys' fees incurred "as a result of [a] removal" is appropriate. *See also Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996). However, when determining whether to award attorneys' fees in removal cases, the Supreme Court has established that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L. Ed. 2d 547 (2005). Here, the Court does not find Defendant lacked an "objectively reasonable basis for seeking removal." *See Martin*, 546 U.S. at 141; *see also Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S. Ct. 694, 54 L. Ed. 2d 648 (awarding fees simply because the

10

party did not prevail "could discourage all but the most airtight claims, for seldom can a party be sure of ultimate success").

## V.   <u>CONCLUSION</u>

Based on the foregoing and in light of Plaintiffs' Complaint being devoid of a cause of action arising under federal law, the lack of diversity, and no evidence of consent from all Defendants, or an applicable exception to the unanimity rule, this Court concludes it lacks subject matter jurisdiction over this matter.  Therefore, pursuant to 28 U.S.C. § 1441, it is the recommendation of the undersigned that Plaintiff's Motion to Remand, (D.E. 4), be **GRANTED** and Plaintiffs' request for attorneys' fees and costs be **DENIED.**

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Civil Rule 72.1(c)(2).



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

4/17/2015 1:10:02 PM

11